# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAH MOHSEN AHMED MOHSEN,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM DEREVERE, Warden, Imperial Regional Detention Facility; KRISTI NOEM, Director, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; and Patrick DIVVER, Field Office Director of U.S. Immigration and Customs Enforcement San Diego Field Office,<br><br>    Respondents. | No. 25cv2138-BTM-DEB<br><br>**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Salah Mohsen Ahmed Mohsen's petition for a writ of habeas corpus.

### A.  Background

Petitioner, a native and citizen of Yemen, arrived at the Mexico-U.S. border in 2019. Petitioner was required to wait in Mexico under a metering system. In February 2022, Petitioner presented an application for parole at the border. Petitioner was detained

without an adjudication of his application. In March 2022, Petitioner filed a petition for a writ of habeas corpus.

The Department of Homeland Security (DHS) in response granted Petitioner parole. Petitioner thus voluntarily dismissed his habeas petition. On December 15, 2022, USCIS dismissed Petitioner's asylum application without his consent. Petitioner moved to reopen his application. That request is still pending.

While on parole, Petitioner received employment authorization and started a business. Petitioner married a U.S. citizen. Petitioner was awaiting the adjudication of his application for asylum. At a "check-in" with immigration officials on July 21, 2025, Petitioner was detained. Petitioner was served with a Notice to Appear. Petitioner was told that his parole was revoked.

Petitioner claims that his parole was unlawfully terminated. Petitioner contends that Respondents failed to follow the mandatory requirements for revocation of parole.

The Government claims that this Court lacks jurisdiction. The Government contends that Petitioner is properly detained because his parole now expired. The Government argues that Petitioner is an applicant for admission under 8 U.S.C. § 1225. Thus, in the Government's view, Petitioner is not entitled to a bond hearing and his detention is mandatory.

**B.  Discussion**

Whether there is jurisdiction to review the revocation of parole depends on whether the Department of Homeland Security (DHS) exercised its discretion when revoking parole. *See Hassan v. Chertoff*, 593 F.3d 785, 789-90 (9th Cir. 2010) (per curiam) (finding no jurisdiction over discretionary decision to revoke parole because DHS followed the regulations at issue); *see also Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *15-24 (S.D. Cal. Oct. 1, 2025) (maintaining jurisdiction to review lawfulness of parole revocation); *Orellana v. Francis*, No. 25-CV-04212, 2025 U.S. Dist. LEXIS 160866, *9 (E.D.N.Y. Aug. 19, 2025) ("[T]he Court finds that § 1252(a)(2)(B)(ii) does not preclude the Court from reviewing the lawfulness of the

revocation of Petitioner's parole."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, \_\_\_\_ (D. Or. 2025) ("[T]he Review Statute and the Parole Statute do not preclude this District Court from reviewing whether the decision to terminate Petitioner's parole was lawful."). There will be jurisdiction if DHS failed to follow the law when revoking parole. Because that issue is ripe for review, Petitioner is not required to further exhaust any potential administrative remedies. The Government has also waived the issue of exhaustion by raising it in a footnote. *See United States v. Rodriguez*, 971 F.3d 1005, 1015 n.8 (9th Cir. 2020) (finding an issue in a footnote insufficiently raised). In any event, exhaustion would be futile because of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Congress allows for the revocation of parole "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). When the Secretary so opines, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Under regulations, the Secretary has delegated the decision making to various officials. 8 C.F.R § 212.5(a) (listing the officials).

Due process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) a fair opportunity to rebut the reasons given for the termination. *See Noori*, 2025 U.S. Dist. LEXIS 194953, *29 ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H*, 792 F. Supp. 3d at \_\_\_\_ ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)).

Here, Respondents revoked Petitioner's parole without making the finding set forth in 8 U.S.C. § 1182(d)(5)(A). Respondents have not submitted evidence showing that the Secretary or a designee found that the purposes of Petitioner's parole have been served.

The revocation of Petitioner's parole is thus neither consistent with 8 U.S.C. § 1182(d)(5)(A) nor the demands of due process. *See Y-Z-L-H*, 792 F. Supp. 3d at ____ (explaining that 1182(d)(5)(A) "has a mandatory requirement—parole may be terminated or revoked only when in the Secretary's opinion the parole's purposes have been met"). The Court adopts and incorporates the reasoning from *Y-Z-L-H* and *Noori*.

Although Respondents contend that Petitioner's parole has since expired, Respondents have failed to adequately show that Petitioner's parole did in fact expire. Because nothing in the record adequately demonstrates that Petitioner's parole was expired or lawfully revoked, Petitioner is entitled to reinstatement of his parole.

### C.   Conclusion

For the reasons stated, the petition for a writ of habeas corpus is GRANTED. Respondents shall immediately release Petitioner from custody on the preexisting conditions of supervision. Petitioner's parole is reinstated. The Court retains jurisdiction to enforce the Writ. Respondents shall file a status report demonstrating compliance no later than December 3, 2025.

**IT IS SO ORDERED.**

Dated:  December 1, 2025

Honorable Barry Ted Moskowitz
United States District Judge